Daniel Lickel (SBN 224510)
1102 Cesar Chavez Parkway
San Diego, CA 92113
Phone: (858) 952-1033
Fax:  (619) 546-0792
danlickel@hotmail.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Doug Ha, | CASE NO. |
|---|---|
| Plaintiff(s), | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT,** *15 United States Code § 1692 et seq.* |
| vs. | |
| The Judge Law Firm, ALC, | |
| Defendant(s). | |

## INTRODUCTION

1.     Plaintiff  DOUG HA, through Plaintiff's counsel, brings this action to challenge the acts of Defendant THE JUDGE LAW FIRM, ALC, under the Federal Fair Debt Collection Practices Act (hereinafter "FDCPA") regarding attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff causing Plaintiff damages.

2.     Essentially, Defendant provided a payoff demand for a judgment against Plaintiff for an amount that substantially exceeded the amount actually owed.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.  While many violations are described

below with specificity, this Complaint alleges violations of the statute cited in its entirety.

3. Any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's violations of the FDCPA.

5. Exercise of personal jurisdiction over Defendant comports with the traditional notions of fair play and substantial justice given that Defendant systematically and continuously does business in the State of California and was doing such business with respect to the facts that arise in this case.

6. Venue is proper in the Western Division of the Central District of California pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this claim occurred within the Western Division of the Central District of California and Plaintiff is currently resident there.

## PARTIES

7. Plaintiff is a natural person, an adult, who at all times relevant to this action was resident in either San Diego County, California or Los Angeles County, California and is currently resident in Los Angeles County.

8. Plaintiff is informed, believes, and thereon alleges that Defendant is a California corporation and law firm doing business in the state of California. Defendant does business in a manner that includes sending collection letters to California residents.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

10. Defendant claimed that Plaintiff was obligated to pay a debt, and therefore Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. These alleged financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined at 15 U.S.C. §1692a(5).

## FACTS

12. On November 4, 2011, Defendant, acting as attorney for Aragon Homeowners Association, filed an action against Plaintiff in the California Superior Court, in the County of San Diego, case no. 37-2011-00070897-CL-CL-EC citing causes of action to collect unpaid home owner assessments for his home.

13. A judgment was entered on 2/28/2014 for $ 3,656.96, punitive damages: $ 0.00, attorney fees: $ 2425.00, interest: $ 0.00, prejudgment costs: $ 839.02, other costs: $ 0.00, amount payable to court: $ .00, for a grand total of $ 6920.98. A true and correct copy of the judgment is attached hereto as **Exhibit 1**.

14. In about December 2014, an abstract of judgment was recorded in Los Angeles County, California. A true and correct copy of that abstract of judgment is attached as **Exhibit 2**.

15. Defendant received this copy attached as Exhibit 2 in the summer of 2015 when he attempted to refinance a loan that was secured by his residence in Los Angeles County. Defendant set up an escrow. The escrow discovered the abstract of judgment. As part of the refinance process, the escrow agent send a request for a pay off demand to Defendant the Judge Law Firm in order to request the amount necessary to satisfy the lien represented by the abstract of judgment.

16. In response Defendant sent a payoff demand for $12,099.08 on a judgment that could not have been more than $7,100.00 assuming that only accruing interest had been added to the judgment. A true and correct copy of the first payoff demand dated September 18, 2016 is attached as **Exhibit 3**.

17. Plaintiff was shocked and concerned about the excessive demand for money. As a result, he contacted the Defendant to inquire of the amount necessary

to satisfy the judgment that was pending. A true and correct copy of his inquiry is attached as **Exhibit 4**.

18. Defendant responded by resending the payoff demand dated September 18, 2015. A true and correct copy of the email response is **Exhibit 5**.

19. Defendant then sent another email and expressed a dispute based on his belief that the amounts reflected in the pay off demand were not part of the judgment. In response, Defendant told him that in fact all amounts reflected in the payoff demand were part of the judgment and would have to be paid through the escrow. This email exchange is attached as **Exhibit 6**.

20. Frustrated and concerned that he was being taken advantage of, Plaintiff was forced to retain legal counsel to determine what amount he actually owed, whether the amount demanded or some other amount.

21. Also in the summer of 2015, Defendant had initiated a garnishment process that resulted in payments being drawn from Plaintiff's paychecks. The garnishment was authorized by a writ issued to the sheriff for the County of Sacramento in California. Plaintiff is informed and believes and based thereon alleges that the writ issued on May 9, 2015, for the County of Sacramento, with a writ amount of $6,945.98.

22. The writ authorized the sheriff to collect all interest accruing on the writ through the date of its satisfaction. The garnishment commenced on July 15, 2015.

23. The Sherriff's handling of the writ and garnishment is reflected on a document obtained from the Sheriff dated October 29, 2015. A true and correct copy is attached as **Exhibit 7**.

24. In October 2015, Plaintiff took steps to make payments directly to the Sheriff in Sacramento and the Judge law firm in an effort to satisfy the judgment. The payments were $3,950.00 to the Sacramento Sheriff's office and $2,233.00 to the Judge Law Firm. Plaintiff sent the check for $2,233.00 to Plaintiff with a letter explaining his payments and requesting a "satisfaction of judgment."

25.     In response to the payment of $2,233.00, Defendant responded by delivering another payoff demand dated October 16, 2016 that still demanded $12,099.08, but provided credit for one payment from the Sacramento Sheriff (even though by that date two payments had already been mailed to Defendant by the Sheriff) and the $2,233.00 check.  A true and correct copy of the October 16, 2015 payoff demand is attached as **Exhibit 8**.

26.     After receiving the $2,233.00 check and notice of the payment to the Sacramento Sheriff, Plaintiff refused to provide an acknowledgement of satisfaction of judgment in response to the demand made by Plaintiff on or about October 15, 2015.

27.     By continuing to refuse the acknowledgement of satisfaction of judgment, Defendant held up the refinance that Plaintiff was attempting to complete. Plaintiff's only other option was to pay the exorbitant amount demanded, which Defendant claimed was owed under the judgment.

28.     Based the writ and garnishment that commenced on or about July 15, 2015, the following money was delivered to Defendant:

| Paid To | Payout Date | Amount | Check No | Mail Date |
|---|---|---|---|---|
| The Judge Law Firm | 09/08/2015 | 851.54 | 2012681436 | 09/11/2015 |
| The Judge Law Firm | 09/23/2015 | 851.54 | 2012689636 | 10/01/2015 |
| The Judge Law Firm | 10/09/2015 | 851.54 | 2012697331 | 10/19/2015 |
| The Judge Law Firm | 10/21/2015 | 851.54 | 2012705390 | 10/28/2015 |
| The Judge Law Firm | 10/23/2015 | 3892.82 | 2012705969 | 10/28/2015 |

Total Funds paid to Defendant by the garnishment: $7,298.98

29.     The payments received and tendered to the Plaintiff described above paid in full the amount of the writ, which included interest accrued on the writ amount.  Accruing interest on the writ amount ended with Mr. Ha's final payment pursuant to Code of Civil Procedure section 706.024(c).  When combined with the payments above, the $2,233.00 check put the total payment at $9,531.98.

30. In the end, Defendant was eventually forced to admit that not only did the payment of $9,531.98 satisfy the judgment but that even that amount was in excess of what was really owed by an amount of $900.66, which was refunded to Plaintiff.

31. The refund and acknowledgement of satisfaction of judgment came only after Plaintiff hired a lawyer, incurred attorneys fees and suffered the delay of his refinance and any damages resulting there from. Defendant subsequently refused to explain how the refund was calculated or what it included. Plaintiff is informed and believes that he is entitled to further refund.

32. On November 19, 2015, Plaintiff's lawyer sent a letter to Defendant demanding acknowledgement of satisfaction of judgment spelling out line by line exactly how the judgment had been satisfied despite Defendant's insistence that the correct amount was more than $12,000.00. A true and correct copy of the letter is attached as **Exhibit 9**.

33. In response to that letter, five days later, Defendant faxed an acknowledgement of satisfaction of judgment that was not properly acknowledged. A true and correct copy of the fax is **Exhibit 10**.

34. Plaintiff obtained a copy of the acknowledgement from the Court as a certified copy and attempted to record it. It was rejected due to the fact that the acknowledgement was improper. A true and correct copy of this returned certified copy is attached as **Exhibit 11**.

35. Neither Plaintiff or his attorney had noticed that the Defendant's acknowledgement had been reversed so that the names of the notary and the person signing were reversed. See **Exhibit 11**.

36. When Defendant was confronted with this. Defendant provided Plaintiff with a different acknowledgement of satisfaction of judgment with the correct notary acknowledgement, with the same filing stamp/date as the erroneous acknowledgement of satisfaction of judgment, which made the document appear to have been filed in that form when in fact it had not been so filed. See **Exhibit 12**.

37. Since the second acknowledgement had not actually been filed on the date reflected (meaning that a certified copy could not be obtained from the Court) and it was not an original, it could not be used to release the judgment lien.

38. The following is the history of Defendant's attempts to add costs to the judgment, which further shows that the amount of collection costs demanded was far in excess of what was reflected on documents submitted by Defendant to the Superior Court in San Diego County.

39. On July 13, 2015, the Judge Law Firm filed the first post judgment memorandum of costs. That document claimed costs of $794.50. Unbeknownst to Plaintiff, this memorandum of costs claimed as additional fees the process server fees incurred prior to the entry of judgment, which would be a double recovery.

40. As a result, the July 13, 2015 memorandum of costs was a false statement of the amount of costs that the Judge Law Firm was entitled to add to the judgment on behalf of its client.

41. On August 24, 2015, the Judge Law Firm filed the second post judgment memorandum of costs, which was mailed on August 20, 2015. That document claimed costs of $579.50. Plaintiff is informed and believes that this memo duplicated costs on the first memorandum in the amount of $554.50.

42. The August 24, 2015 memorandum of costs was a false statement of the amount of costs that the Judge Law Firm was entitled to add to the judgment on behalf of its client.

43. On October 22, 2015, after receiving Plaintiff's money as described above, Defendant attempted to file another memorandum of costs claiming another $40.00. This too was a false statement as the additional amount demanded could not be added to the judgment, primarily because at that point in time the judgment had already been satisfied.

44. The amounts reflected in these various memorandum of costs although false, led Plaintiff to include the amounts demanded therein in his final payment of $2233.00 to the Defendant. Plaintiff is informed and believes that most of the costs

COMPLAINT
-7-

added to the judgment by virtue of these false memoranda of costs were not in fact incurred in the collection of the judgment.

45. The payoff demands dated September 18 and October 16 both made false statements about the amount of money that was owed to release the judgment lien by thousands of dollars. These false statements caused Plaintiff to incur damages, including frustration and emotional distress, attorneys fees and damages resulting from the delayed refinance transaction.

46. Further, Defendant attempted to charge $500.00 for the erroneous payoff demand, which is an unconscionable amount of money for such a demand.

47. Defendant also demanded post judgment attorney's fees, despite not being entitled to any such attorney's fees because Defendant never filed a motion for attorneys fees that was granted.

48. Defendant's demands also included additional fees due to the homeowners association, which could not be due because Plaintiff had lost the condominium that was the subject of the original judgment to foreclosure long before judgment was entered against him in San Diego County.

## FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

49. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

50. Based on information and belief, Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

    a. *15 U.S.C. §1692e(2)(A)* by making a false representation of the character, amount, or legal status of the alleged debt;

    b. *15 U.S.C. §1692e(5)* by threatening to take an action that cannot legally be taken or that is not intended to be taken;

    c. *15 U.S.C. §1692e(10)* by making use of a false representation or deceptive means to collect or attempt to collect a debt;

    d. *15 U.S.C. §1692(f)* by using unfair or unconscionable means to collect or attempt to collect a debt;

    e. *15 U.S.C. §1692f(1)* by attempting to collect an amount not permitted by law.

51. As a proximate result of each and every violation of the FDCPA committed by Defendant, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

52. As actual damages, Plaintiff claims compensation for distress, frustration, attorneys fees and other actual damages an amount of at least at least $15,000.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and prays for the following relief:

1. An award of actual damages in the amount of at least $15,000.00 pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for Plaintiff according to proof at trial;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant and for Plaintiff;

3. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for Plaintiff; and

4. Such other and further relief this court may deem just and proper.

## JURY DEMAND

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

                                Respectfully submitted,

DATED: __8/27/2016__      /s/ Daniel Lickel_____
                                   Attorney for Plaintiff